IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sandra E. Daniel,           )
                            )
        Plaintiff,          ) Case No. 1:14-CV-775
                            )
    vs.                     )
                            )
Carolyn W. Colvin, Acting   )
Commissioner of Social Security, )
                            )
        Defendant.          )

O R D E R

This matter is before the Court on Magistrate Judge Bowman's Report and Recommendation of August 19, 2015 (Doc. No. 11) and Plaintiff Sandra E. Daniel's objections to the Report and Recommendation (Doc. No. 12).  In her Report and Recommendation, Magistrate Judge Bowman concluded that the Administrative Law Judge's ("ALJ") determination that Plaintiff is not disabled under the Social Security regulations was supported by substantial evidence.  Judge Bowman, therefore, recommended that the ALJ's decision be affirmed.  Plaintiff objects to the Report and Recommendation.  For the reasons that follow, Plaintiff's objections to Judge Bowman's Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**.  The Court does not adopt the Report and Recommendation to the extent that Judge Bowman concluded that the ALJ did not err by not considering the opinion of one of Plaintiff's treating physicians.  The Court adopts the remainder of the Report and Recommendation.  Nevertheless, the decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **REVERSED**.  This case is **REMANDED**

to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

I. Background

In April and August 2010, Plaintiff Sandra E. Daniel filed applications for disability insurance benefits and supplemental security income based on impairments of low back and neck pain, obesity, heart problems, depression, and anxiety. Plaintiff alleged an onset date of disability of May 1, 2008. Plaintiff's applications were denied initially and upon reconsideration. She requested and received an evidentiary hearing before an ALJ. In actuality, the ALJ convened three separate hearings between August 2012 and April 2013. Plaintiff testified on her own behalf during the hearing and the ALJ received testimony from both a medical expert (Dr. Mary Buban) and a vocational expert (Dr. George Parsons).

On June 10, 2013, the ALJ issued a written decision (Tr. 97-114), finding that Plaintiff is not disabled according to the Social Security regulations. Proceeding through the five-step disability analysis sequence, the ALJ determined that Plaintiff has severe impairments of degenerative disc disease of the lumbosacral spine, obesity, a depressive disorder, and an anxiety disorder. The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets a listed impairment.

Next, the ALJ found that Plaintiff has the physical residual functional capacity ("RFC") to perform a limited range of work at the light level of exertion. Plaintiff would be limited to jobs where she can alternate between sitting and standing every 30 minutes. Additionally, Plaintiff cannot work around vibrations, heights, ladders, ropes, or scaffolds. The ALJ also found that Plaintiff's mental RFC would limit her to jobs with simple, routine, repetitive work that do not require piece-work, are not fast-paced, and which do not require

a strict production quota. Additionally, Plaintiff would need a job with only superficial contact with supervisors and co-workers and in which she would never interact with the public.

Based on that RFC, the vocational expert testified that Plaintiff would not be able to perform her past relevant work as a telephone solicitor and a customer service representative. The vocational expert testified, however, that this RFC would permit Plaintiff to perform at least three jobs that exist in significant numbers in the local and national economy, bus monitor, housekeeper/maid, and inserter/folding machine operator. Because Plaintiff has the RFC to perform these jobs, the ALJ concluded that Plaintiff is not disabled under the Social Security regulations.

In developing Plaintiff's mental and physical RFC, the ALJ rejected three opinions which, if accepted by the ALJ, would preclude competitive employment according to the vocational expert.

First, the ALJ gave "little weight" to the opinion of Dr. O'Dea, one of Plaintiff's treating physicians. Dr. O'Dea provided an opinion indicating that Plaintiff's physical impairments prevent her from performing even sedentary work. Tr. 985-987. The ALJ, however, determined that Dr. O'Dea's opinion was not well-supported or consistent with the other evidence in the record. The ALJ, though, gave "significant weight" to the opinion of a state agency consultant who reviewed Plaintiff's medical records and adopted the physical RFC from a prior disability application concluding that she can perform a limited range of light work. Tr. 109-110.[1]

---

[1] Plaintiff filed a claim for supplemental security income and disability insurance benefits in November 2003 based on impairments of osteoarthritis, fibromyalgia,

Second, the ALJ gave "little weight" to the opinion of Dr. Khalily, Plaintiff's treating psychiatrist. Dr. Khalily provided an opinion indicating that Plaintiff has marked to extreme limitations in most areas of mental functioning. Tr. 624-630. The ALJ, however, similarly determined that Dr. Khalily's opinion was not well-supported or consistent with other evidence in the record. Tr. 111.

Third, the ALJ gave "little weight" the opinion of Dr. Kenford, a state agency examining psychologist. Dr. Kenford performed a consultative examination of Plaintiff and issued a report finding that she has marked to extreme limitations in mental functioning. Tr. 614-622. The ALJ rejected Dr. Kenford's opinion because it was based primarily on Plaintiff's subjective report of her mental limitations. The ALJ found, however, that Plaintiff exaggerated her presentation to Dr. Kenford and cited grounds for concluding that Plaintiff was not credibly reporting her limitations to Dr. Kenford. Tr. 111. Instead, in adopting Plaintiff's mental RFC, the ALJ gave "significant weight" to the opinion of the medical expert, Dr. Buban. Tr. 110. Dr. Buban reviewed Plaintiff's records and testified during the evidentiary hearing that Plaintiff would "do best with a simple, repetitive, low-stress job[.]" Tr. 42.

It should be noted at this point that in developing Plaintiff's physical RFC, the ALJ discussed office treatment notes from another of Plaintiff's treating physicians, Dr. Wunder. Tr. 105. The ALJ, however, did not discuss or even acknowledge an opinion from Dr. Wunder indicating that Plaintiff is limited to performing sedentary work. Tr. 787-788. This

---

scoliosis, herniated spinal disks, and depression. The ALJ issued a written decision denying this claim in January 2006 on the grounds that Plaintiff had the mental and physical RFC to perform several assembler, hand packer, and inspector positions which existed in significant numbers in the national economy. Tr. 160-169.

is an important omission because, as Plaintiff argues in her objections, if she is limited to sedentary work, and does not possess transferrable skills, the medical-vocational guidelines would direct a finding of "disabled" because of her age (closely approaching advanced age) at the time the ALJ issued her decision.  20 C.F.R. Pt. 404, Sub. Pt. P., Appx. 2, § 201.14;[2]  see also 20 C.F.R. Pt. 404, Sub. Pt. P., Appx. 2, § 201.00(g) ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work.  When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains.").

The Appeals Council denied Plaintiff's request for review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner of Social Security. Plaintiff then filed a timely complaint for judicial review of the ALJ's decision.  Plaintiff raised five errors in her statement of specific errors.  The Court will discuss these assignments of error in more detail below.  Judge Bowman's report, however, did not find merit to any of them and recommended that the ALJ's decision be affirmed.

Plaintiff filed timely objections to Magistrate Judge Bowman's Report and Recommendation. The Commissioner did not file a memorandum in response to Plaintiff's

---

[2] The ALJ concluded that transferability of job skills was not material to the determination of disability because the medical-vocational guidelines support a finding of "not disabled" regardless of whether Plaintiff has transferable job skills.  Tr. 112.  The ALJ presumably reached this conclusion based on her finding that Plaintiff can perform unskilled work at the light level of exertion.  The grid directs a finding of "not disabled" regardless of transferability of skills if a claimant who is closely approaching advanced age is capable of performing unskilled work at the light level of exertion. 20 C.F.R. Pt. 404, Sub. Pt. P., Appx. 2, § 202.14.

5

objections. Consequently, Plaintiff's objections to the Report and Recommendation are ready for disposition.

## II. Standard of Review

The relevant statute provides the standard of review to be applied by this Court in reviewing decisions by the ALJ. See 42 U.S.C. § 405(g). The Court is to determine only whether the record as a whole contains substantial evidence to support the ALJ's decision. "Substantial evidence means more than a mere scintilla of evidence, such evidence as a reasonable mind might accept as adequate to support a conclusion." LeMaster v. Secretary of Health & Human Serv., 802 F.2d 839, 840 (6th Cir. 1986) (internal citation omitted). The evidence must do more than create a suspicion of the existence of the fact to be established. Id. Rather, the evidence must be enough to withstand, if it were a trial to a jury, a motion for a directed verdict when the conclusion sought to be drawn from it is one of fact for the jury. Id. If the ALJ's decision is supported by substantial evidence, the Court must affirm that decision even if it would have arrived at a different conclusion based on the same evidence. Elkins v. Secretary of Health & Human Serv., 658 F.2d 437, 439 (6th Cir. 1981). The district court reviews de novo a magistrate judge's report and recommendation regarding Social Security benefits claims. Ivy v. Secretary of Health & Human Serv., 976 F.2d 288, 289-90 (6th Cir. 1992).

## III. Analysis

As stated, Plaintiff proffered five assignments of error in her statement of specific errors. The Court will address these in a different order than presented by Plaintiff.

### A. The Weight Given to Medical Opinions

Plaintiff's second and third assignment of error contend that the weight the ALJ assigned to the various medical and psychological opinions was not supported by substantial evidence. Additionally, as noted, Plaintiff alleges that the ALJ erred by not considering Dr. Wunder's opinion that Plaintiff is limited to performing sedentary work. In her report, Judge Bowman concluded that the weight the ALJ assigned to the medical opinion of Dr. O'Dea, and the psychological opinions of Drs. Khalily and Kenford, was supported by substantial evidence. Judge Bowman apparently concluded that the ALJ's failure to consider Dr. Wunder's opinion was a harmless error because Plaintiff failed to demonstrate that it would result in a finding different from the decision made in her prior disability claim. In other words, Judge Bowman apparently concluded that Dr. Wunder's opinion was not material to the ALJ's disability determination. See Doc. No. 11, at 13. The Court, however, agrees with Plaintiff that the ALJ's failure to consider, or even mention, Dr. Wunder's opinion is a procedural error requiring reversal of the ALJ's decision.

It is not disputed that Dr. Wunder was one of Plaintiff's treating physicians and that he saw Plaintiff for persistent complaints of back pain. On April 14, 2008, Dr. Wunder issued a disability opinion, apparently in support of Plaintiff's claim for private long-term disability insurance benefits, indicating that she is limited to sedentary work. Tr. 787-788. As mentioned above, because of her age, if Plaintiff is limited to sedentary work, and has no transferable job skills, the medical-vocational grid directs a finding of "disabled."

The Social Security regulations require the ALJ to give controlling weight to the opinion of a treating physician unless the ALJ gives "good reasons" not to. Wilson v. Commissioner of Social Sec., 378 F.3d 541, 544 (6th Cir. 2004). Although Dr. Wunder

7

issued his opinion before the alleged onset date of disability, it is not necessarily irrelevant and may support Plaintiff's disability claim when considered in the context of the entire record. See DeBoard v. Commissioner of Soc. Sec., 211 Fed. Appx. 411, 414 (6th Cir. 2006)("We recognize that evidence presented at an earlier hearing or predating the onset of disability, when evaluated in combination with later evidence, may help establish disability.") (emphasis omitted). Moreover, the Social Security regulations require the ALJ to consider all medical evidence and opinions submitted by the claimant. 20 C.F.R. §§ 404.1527(c)("Regardless of its source, we will evaluate every medical opinion we receive."); 20 C.F.R. § 404.1520(a)(3)(" We will consider all evidence in your case record when we make a determination or decision whether you are disabled.").

In this case, contrary to the applicable regulations, the ALJ did not discuss or apparently even consider Dr. Wunder's opinion that Plaintiff is limited to sedentary work. This was a procedural error mandating reversal of the ALJ's decision, even if Dr. Wunder's opinion would not result in a favorable decision, because the claimant is entitled to know the reasons why her treating physician's opinion is insufficient to establish her claim. Wilson, 378 F.3d at 544, 546; see also Keeton v. Commissioner of Soc. Sec., 583 Fed. Appx. 515, 528-29 (6th Cir. 2014)(ALJ's failure to discuss opinions of treating psychiatrists was reversible error). Moreover, the ALJ's error was not harmless in this case because: 1) Dr. Wunder's opinion, if accepted by the ALJ, could very well result in a finding of disability; and 2) is not so patently deficient that the ALJ could not possibly credit it. Wilson, 378 F.3d at 547.

Nevertheless, the weight the ALJ assigned to the opinions of Drs. O'Dea, Khalily, and Kenford was supported by substantial evidence. As the ALJ noted, the extreme

functional limitations indicated by Dr. O'Dea were not consistent with her treatment notes, which often indicated that Plaintiff had a full range of motion and a normal gait. They also indicated that Plaintiff exercised two to three times a week, which is contrary to Dr. O'Dea's opinion that Plaintiff is capable of little or no exertional activity. Tr. 1061-1104

Similarly, Dr. Khalily's extremely limiting mental RFC opinion is not supported by her contemporaneous treatments note, which consistently documented that Plaintiff's psychological symptoms were moderate. Tr. 951, 955, 971, 980.

Finally, the ALJ reasonably gave little weight to Dr. Kenford's opinion. As the ALJ noted, Dr. Kenford's opinion was based largely, if not entirely, on Plaintiff's self-reporting of symptoms. There was a substantial basis, however, for the ALJ to conclude that Plaintiff exaggerated her symptoms. For example, as the ALJ noted, while Plaintiff reported to Dr. Kenford that she was so immobilized by depression that she allowed her surroundings to deteriorate around her, just a few weeks earlier Plaintiff's social worker noted during a home visit that her apartment was neat and tidy. Tr. 610.

In summary, the Court sustains Plaintiff's objections to the Report and Recommendation to the extent that Judge Bowman concluded that the ALJ's failure to consider Dr. Wunder's opinion was a harmless error. The Court, however, overrules Plaintiff's objections to Judge Bowman's analysis of the weight the ALJ assigned to the other medical opinions.

B. <u>Plaintiff's Mental Impairments</u>

Plaintiff's first and fifth assignments of error are related to the ALJ's findings concerning her mental impairments. In these assignments of error, Plaintiff argues that the ALJ erred by not incorporating her moderate limitations in concentration, persistence, and pace into her hypothetical to the vocational expert. Plaintiff contends that the ALJ's hypothetical limiting her to unskilled work, without production quotas or a fast-paced environment, with only superficial contact with supervisors and co-workers, and no contact with the public, did not accurately portray her moderate limitations in concentration, persistence, and pace. Consequently, Plaintiff argues, the ALJ made a vocational error in her hypothetical to the vocational expert by not accounting for these limitations. In her report, Judge Bowman concluded that the ALJ's hypothetical was appropriate because no medical source had imposed pace, speed, and concentration restrictions that were inconsistent with the mental RFC adopted by the ALJ.

Plaintiff is correct that the ALJ's hypothetical to the vocational expert must accurately portray all of her limitations in order for the expert's testimony to constitute substantial evidence on the issue of disability. Varley v. Secretary of Health & Human Serv., 820 F.2d 777, 779 (6th Cir.1987). Unlike other courts, the Sixth Circuit has never held that limiting the claimant to unskilled, repetitive work without production quotas does not adequately account for moderate deficiencies in concentration, persistence, and pace. Ealy v. Commissioner of Social Sec., 594 F.3d 504 (6th Cir. 2010), cited by Plaintiff, is distinguishable because in that case, the medical opinion adopted by the ALJ actually limited the claimant's ability to sustain concentration, persistence and pace to two-hour time segments. The ALJ, however, only asked the vocational expert to assume that the claimant had moderate limitations in concentration, persistence, and pace. The Court held

that the ALJ's "streamlined hypothetical," which omitted the two-hour concentration limitations in the opinion adopted by the ALJ, did not accurately convey all of her limitations to the vocational expert. Id. at 516-17. In this case, though, as Judge Bowman's report indicated, no medical source opinion adopted by the ALJ[3] included specific time-based limitations on Plaintiff's ability to sustain concentration, persistence, and pace. Moreover, Dr. Buban, the medical expert, reviewed Plaintiff's entire file and concluded that she is able to perform simple, repetitive, low-stress jobs. Tr. 42. Therefore, the ALJ's hypothetical to the vocational expert sufficiently portrayed all of Plaintiff's mental limitations. Thus, the vocational expert's testimony constitutes substantial evidence on the issue of disability.[4]

## C. Credibility Determination

---

[3] "[I]n formulating a hypothetical question, an ALJ is only required to incorporate those limitations which [she] has deemed credible." Stanley v. Secretary of Health & Human Servs., 39 F.3d 115, 118–19 (6th Cir. 1994).

[4] Somewhat relatedly, Plaintiff contends that the ALJ and the vocational expert erred in using the Dictionary of Occupational Titles ("DOT") to determine that the bus monitor, maid/housekeeper, and inserter/folding machine operator jobs are unskilled positions. She points out that the Occupational Information Network ("O*NET") database, which has been adopted by the Department of Labor, classifies these positions as involving semi-skilled work. Citing Cunningham v. Astrue, 360 Fed. Appx. 606 (6th Cir. 2010), Plaintiff argues, therefore, that the ALJ failed to prove that she is capable of performing other work. Despite the Department of Labor's adoption of O*NET, the Social Security Administration still relies on the DOT and only requires the vocational expert's testimony to be consistent with the DOT. See SSR 00-4p ("In making disability determinations, we rely primarily on the DOT (including its companion publication, the SCO) for information about the requirements of work in the national economy."); ("Occupational evidence provided by a VE or VS generally should be consistent with the occupational information supplied by the DOT."). Cunningham is inapposite because there the Court held that the vocational expert should have used O*NET to determine the number of jobs available in the economy that the claimant could perform with her RFC. See 360 Fed. Appx. at 615-16. The Court, however, did not decide or even consider whether the vocational expert was precluded from using the DOT to determine the skill level required to perform a certain occupation.

Lastly, Plaintiff objects to Magistrate Judge Bowman's conclusion that the ALJ's adverse credibility determination was supported by substantial evidence. Plaintiff points to a number of records that she contends support her subjective claims of disabling impairments. An ALJ's credibility determinations are entitled to considerable deference. Howard v. Commissioner of Social Sec., 276 F.3d 235, 242 (6th Cir. 2002). Moreover, for purposes of the Court's review, the issue is not whether there is evidence to support Plaintiff's disability claim but rather whether substantial evidence supports the ALJ's decision to discount her credibility. Vance v. Commissioner of Social Sec., 260 Fed. Appx. 801, 803 (6th Cir. 2008); Van Winkle v. Commissioner of Social Sec., 29 Fed. Appx. 353, 356 (6th Cir. 2002).

In this case, substantial evidence supports the ALJ's credibility determination. As the ALJ pointed out, there was substantial basis to conclude that Plaintiff exaggerated her symptoms during Dr. Kenford's consultative examination. Similarly, Dr. Khalily's treatment notes generally indicated that Plaintiff was experiencing only moderate effects from her mental impairments, contradicting her claim of debilitating depression. Additionally, office treatment notes often reflected benign or moderate physical findings, contradicting Plaintiff's claim of disabling pain. The ALJ noted Plaintiff's non-compliance with her pain medication regimen, which she reasonably concluded indicated that Plaintiff was not suffering as much pain as she claimed. Additionally, the ALJ appropriately cited several instances of drug-seeking behavior by Plaintiff as a basis to discount her credibility. Massey v. Commissioner Social Sec. Admin., 400 Fed. Appx. 192, 194 (9th Cir. 2010). All-in-all, Judge Bowman correctly found that the ALJ's adverse credibility determination was supported by substantial evidence.

Accordingly, this objection to the Report and Recommendation is not well-taken and is overruled.

## Conclusion

For the reasons stated above, Plaintiff's objections to Judge Bowman's Report and Recommendation are **SUSTAINED IN PART AND OVERRULED IN PART**.  The Court does not adopt the Report and Recommendation to the extent that Judge Bowman concluded the ALJ did not err by not considering the opinion of one of Plaintiff's treating physicians.  The Court adopts the remainder of the Report and Recommendation.  Nevertheless, the decision of the ALJ finding that Plaintiff is not disabled under the Social Security regulations is **REVERSED**.  This case is **REMANDED** to the ALJ pursuant to Sentence Four of 42 U.S.C. § 405(g) for further proceedings consistent with this order.

**IT IS SO ORDERED**

Date September 21, 2015                             s/Sandra S. Beckwith
                                                                Sandra S. Beckwith
                                                    Senior United States District Judge