UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SUSAN DANIEL                                              Case No. 1:14-cv-775

      Plaintiff,                                          Dlott, J.
                                                            Bowman, M.J.
  v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

This case is before the Court on Plaintiff's Motion for Attorney Fees and Costs Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. 15). The Commissioner filed no response to Plaintiff's motion.  For the reasons indicated herein, the Court RECOMMENDS that Plaintiff's unopposed motion for EAJA fees be GRANTED.

**I. Substantial Justification**

EAJA provides for an award of attorney fees to a party who prevails in a civil action against the United States "when the position taken by the Government is not substantially justified and no special circumstances exist warranting a denial of fees." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 445 (6th Cir.2009) (citing 28 U.S.C. § 2412(d)(1)(A)). EAJA states in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the

position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

In this case, the Court reversed the non-disability finding of the Administrative Law Judge (ALJ) and ordered a remand to the ALJ for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (*See* Docs. 12, 13). Accordingly, Plaintiff is the prevailing party. *See Secretary v. Schaefer*, 509 U.S. 292, 307(1993) (holding that a claimant who obtains a Sentence Four judgment reversing a denial of benefits for further consideration qualifies as a "prevailing party," and thus may petition for EAJA fees).

In addition, the Commissioner's position during this litigation was not "substantially justified." To be substantially justified, the Government must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). Under EAJA, substantial justification means the Government's position was "justified in substance or in the main." *Id.* In other words, the Court must determine whether the Government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id. See also Perket v. Sec'y of H.H.S.*, 905 F.2d 129, 132 (6th Cir.1990). It is the Government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). Given that no opposition has been filed in response to Plaintiff's motion, the Court finds that the Commissioner has not met his burden of proving substantial justification.

In addition, no evidence in the record suggests that special circumstances bar a fee award here, and the Court, after carefully reviewing the record, finds none. See 28 U.S.C. § 2412(d)(1) (A). Therefore, the Court turns to an analysis of the amount of fees to which Plaintiff's counsel is entitled.

**II. Amount of Attorney's Fee Award**

EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded ... shall be based upon prevailing market rates for the kind and quality of the services furnished, except that ... attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A).

Plaintiff requests an award of attorney's fees in the amount of $8,190.00 which includes $400.00 in costs, which represents 42 attorney hours of work at an hourly rate of $185.00. (Doc. 17, Ex. 2). The requested hourly fee rate represents the $125.00 hourly rate set by EAJA adjusted for inflation based on cost of living increases since the law's enactment. *Id.* In support of the motion, Plaintiff's counsel attached an itemized report of the time he spent on this matter, an affidavit regarding his experience and standard hourly rate, and his billing practices and local billing rates.

In determining the hourly rate for an attorney's fee award, the Court must first consider the prevailing market rate charged by Social Security practitioners in southwestern Ohio. See 28 U.S.C. § 2412(d)(2)(A) (the amount of EAJA fees "shall be based upon prevailing market rates for the kind and quality of the services furnished"). *See also Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984) (holding that the Court, in determining the reasonableness of attorney's fees, must consider whether requested

3

rates commensurate with the fees charged by counsel in the community who possess reasonably comparable skill, experience and reputation).

In *Bryant*, the District Court found—and the Sixth Circuit agreed—that plaintiff failed to satisfy his burden of proof by submitting "only the Department of Labor's Consumer Price Index" and an "argu[ment] that the rate of inflation supported an increase in fees." 578 F.3d at 450. The District Court held that "[t]his is not enough." *Id.* See also *Mathews–Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir.2011) (holding that there is no entitlement under EAJA to an inflation adjustment; rather, "the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the [G]overnment").

Accordingly, this Court has routinely found that plaintiffs have failed to meet their burden where no evidence was submitted justifying an increase in the statutory hourly rate, including evidence of their counsel's own customary hourly rate, the requested cost-of-living increase, and the prevailing rate in the local community charged by Social Security practitioners of similar skill, experience, and reputation. S*ee, e.g., Douglas v. Astrue*, No. 3:10–cv–188, 2012 U.S. Dist. LEXIS 36735, at *4–5 (S.D.Ohio Mar. 19, 2012) (rejecting an EAJA attorney's fee award above $125.00 per hour where plaintiff's counsel provided evidence only regarding the Consumer Price Index, but not counsel's own rate or the rates of similarly qualified Social Security practitioners in the area); *Willis v. Astrue*, No. 1:10–cv–594, 2012 U.S. Dist. LEXIS 18393, at *3,2012 WL 481357 (S.D.Ohio Feb. 14, 2012) (same); *Wise v. Astrue*, No. 2:09–cv–355, 2010 U.S. Dist. LEXIS 133675, at *5–6,2010 WL 5071040 (S.D. Ohio Dec. 7, 2010) (same).

4

Having reviewed the evidence submitted by counsel in the instant case the Court finds that Plaintiff's counsel has met his burden of proving that the prevailing market rate in the local Cincinnati and Southwestern Ohio communities charged by Social Security practitioners of similar skill, experience, and reputation is at least $185.00 per hour (the amount requested by counsel).  In addition, the Court finds that an increase in the $125.00 statutory rate based on a cost of living adjustment is appropriate, given the nature of the case in question and the increase in the cost of living since the amendment of EAJA.  *See Begley v. Sec'y of H.H.S.*, 966 F.2d 196, 199–200 (6th Cir.1992) (increase based on the cost of living is within the discretion of the District Court).

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the Sentence Four remand, *i .e.*, the time to which the hourly rate of $185.00 shall be applied. Plaintiff's counsel submits that he spent 42 hours on this case before the District Court.  After a careful review of the record, and in the absence of opposition by the Commissioner, the Court finds the 42 hours expended, as claimed by counsel, are reasonable.

### III. Conclusion

Based upon the foregoing, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel (Doc. 15) be **GRANTED** and that Plaintiff be **AWARDED** $8,190.00 for his attorney fees and costs.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SUSAN DANIEL,  Case No. 1:14-cv-775

    Plaintiff,  Dlott, J.
  Bowman, M.J.
  v.

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).