**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| SANDRA DANIEL, | Case No: 1:14-cv-775 |
|       Plaintiff, | Black, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
|       Defendant. | |

**REPORT AND RECOMMENDATION**

**I.    Background**

On October 1, 2014, Plaintiff Sandra Daniel filed this Social Security appeal in order to challenge the Defendant's finding that she was not disabled. *See* 42 U.S.C. §405(g). On September 21, 2015, the Court reversed the adverse disability decision, remanding to the agency for further development of the administrative record. (Doc. 13). Plaintiff's counsel subsequently was awarded payment of an attorney's fee under the Equal Access for Justice Act ("EAJA"), in the amount of $8,190.00. (Doc. 17).

Following remand, on December 21, 2016, the Social Security Administration notified Plaintiff that it had determined she was disabled and entitled to an award of past-due benefits for the period of August 2011 through December 2016. (Doc. 19 at 8). Plaintiff's counsel promptly filed a motion seeking an additional attorney's fee award of 25% of the past due benefits, pursuant to a contingency fee agreement, and the authority provided under 42 U.S.C. §406(b). The pending motion has been referred to the undersigned for initial review and a Report and Recommendation. I now recommend that the motion be granted in full.

## II. Analysis

Plaintiff signed a contingency fee agreement, permitting payment up to the statutory maximum of 25% of the past-due benefits award, a sum that in this case equals $17,448.95. (Doc. 19 at 7). Unlike an Equal Access to Justice Act award that is paid directly by the United States, a fee award under §406(b) impacts the social security claimant, because it is paid directly out of her past benefits award. However, also in contrast to the EAJA which permits payment of attorney's fees upon judicial remand alone, a §406(b) fee can be awarded <u>only</u> if the agency awards benefits after remand.

Counsel appropriately acknowledges that his previously received EAJA award must be refunded or applied as an offset against any fee awarded under 42 U.S.C. §406(b), in order to avoid a double-recovery for the same work. In addition to the prior EAJA award of $8,190.00, counsel acknowledges receipt of an additional payment of $6,000.00 for his work at the administrative level, pursuant to 42 U.S.C. § 406(a). Therefore, while seeking a total fee award of $17,448.95, most of that sum has already been paid to counsel and he seeks only the additional sum of $3,258.95 in the present motion.

Although the Commissioner filed no response, this Court has an affirmative duty under *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817 (2002) and related Sixth Circuit authority to examine the "reasonableness" of the amount of fees sought under §406(b). A contingency fee may be reduced if the fee requested would constitute a windfall. *Id.,* 535 U.S. at 808, citing *Rodriguez v. Sec'y of HHS*, 865 F.2d 739, 746-747 (6th Cir. 1989) (*en banc*).

The undersigned has closely examined the fee petition and concludes that counsel's motion should be granted in full, because it was timely filed and does not

reflect a windfall. The motion was filed just days after counsel's receipt of the Notice of Award, well within the allotted 45-day period permitted under local rule. *See* Local Rule 54.2(b).

In addition, the requested fee is clearly reasonable. Counsel has long experience representing social security claimants, and obviously achieved an excellent result for his client in this case. The requested fee for work performed in this Court, when divided into the number of hours expended, amounts to an effective hourly rate of $283.00 per hour. Counsel previously received an EAJA fee for the exact same work that represented a rate of $185.00 per hour. Thus, counsel's current request reflects a contingency fee award that is less than two times the rate he was previously awarded. As such, the award is "per se reasonable" under controlling Sixth Circuit law. *See Hayes v. Secretary of Health and Human Servs.*, 923 F.3d 418, 421-22 (6th Cir. 1990).

### III. Conclusion and Recommendation

For the reasons stated, it is **RECOMMENDED THAT** Plaintiff's motion for an award of attorney's fees under 42 U.S.C. § 406(b) (Doc. 19) should be **GRANTED**, with counsel to be awarded an additional attorney's fee in the amount of $3,258.95, representing a total contingency fee award of $11,448.95 less the offset of the previously paid EAJA fee of $8,190.00.

                                               *s/ Stephanie K. Bowman*
                                               Stephanie K. Bowman
                                               United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

SANDRA DANIEL,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No: 1:14-cv-775

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).